**BRIDGES v. UNITED STATES.**

No. 12607.

United States Court of Appeals Ninth Circuit.

Sept. 6, 1952.

Rehearing Denied Nov. 18, 1952.

Second Petition for Rehearing Denied Dec. 29, 1952.

Gladstein, Andersen & Leonard, Norman Leonard, Vincent W. Hallinan, James Martin MacInnis, San Francisco, Cal., for appellant.

Chauncey Tramutolo, U. S. Atty., Robert B. McMillan, Asst. U. S. Atty., San Francisco, Cal. (James M. McInerney, Asst. Atty. Gen., Beatrice Rosenberg, Carl H. Imlay, John R. Wilkins, Attys., Dept. of Justice, Washington, D. C., John P. Boyd, Sp. Asst. Atty. Gen., of counsel), for appellee.

Before STEPHENS, BONE, and POPE, Circuit Judges.

STEPHENS, Circuit Judge.

Following the sentencing of Harry Renton Bridges in the case appealed under number 12,597, this day decided, the court order the revocation of Harry Renton Bridges' naturalization. For full statement of facts and law pertinent to this case see opinion in case to which reference has just been made, Bridges v. United States of America, 9 Cir., 1952, 199 F.2d 811.

■ The trial court ordered Bridges' naturalization revoked under the provisions of Title 8 U.S.C.A. § 738(e) which reads in part as follows:

"(e) When a person shall be convicted under this chapter of knowingly procuring naturalization in violation of law, the court in which such conviction is had shall thereupon revoke, set aside, and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such person be canceled. * * *"

As the Supreme Court said in Knauer v. United States, 1946, 328 U.S. 654, 658, 66 S.Ct. 1304, 1307, 90 L.Ed. 1500:

"Citizenship obtained through naturalization is not a second-class citizenship. It has been said that citizenship carries with it all of the rights and prerogatives of citizenship obtained by birth in this country 'save that of eligibility to the Presidency'."

However, since naturalization is a privilege which Congress may extend or deny to aliens, where it was obtained through fraud on the prerequisites set forth by Congress, Congress possesses and has exercised its power under the Constitution [1] to revoke such fraudulently obtained citizenship.

In Schneiderman v. United States, 1943, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796; Baumgartner v. United States, 1944, 322 U.S. 665, 64 S.Ct. 1240, 88 L.Ed. 1525, and Knauer v. United States, supra, the Supreme Court reversed the orders revoking citizenship under Title 8 U.S.C.A. § 738(a) which provides for such revocation in a civil action where naturalization has been illegally procured. The Supreme Court reversed for the reason that the government had not sustained its burden under Title 8 U.S.C.A. § 738(a) of proving that the naturalization had been illegally procured. However, there is no such infirmity in the instant revocation of Bridges' naturalization. For that was done under the terms of Title 8 U.S.C.A. § 738(e), since Bridges had been "convicted under this chapter of knowingly procuring naturalization in violation of law".

■ Appellant is mistaken in his contention that he is not "convicted" until all appellate remedies have been exhausted. As the Supreme Court said in Berman v. United States, 1937, 302 U.S. 211, 213, 58 S.Ct. 164, 166, 82 L.Ed. 204,

"Petitioner stands a convicted felon and unless the judgment against him is vacated or reversed he is subject to all the disabilities flowing from such a judgment."

■ Secondly, the revocation under § 738(e) is meant to be a part of the criminal proceedings and not a separate proceeding. This is indicated by the language of the subsection itself which states that when a person is convicted of obtaining citizenship by fraud, his citizenship shall "thereupon" be revoked in the same court where he was convicted. However, since this matter reaches us under another case number, we have treated it by a separate opinion.

Appellant further contends that the revocation of his citizenship did not literally comply with the language of § 738(e) in that he had not been convicted under "this chapter", i. e., Chapter 11, Title 8 U.S.C.A. § 738, for the reason that, although the indictment was framed within the language of Chapter 11, Title 8 U.S.C. § 746(a) (1), that section had been repealed in 1948 prior to his indictment and conviction, and had been replaced by Title 18 U.S.C.A. § 1015 (a). Appellant's argument on this point is not convincing, for the 1948 revising Act, 62 Stat. 683, 862, § 21, 18 U.S.C.A. note preceding section 1, which repealed the penal provisions of the Nationality Act, Title 8 U.S.C.A. and consolidated all penal

1. U.S.C.A. Constitution, Art. I, § 8, Cl. 4.

provisions in Title 18 U.S.C., expressly saved "[a]ny rights or liabilities now existing under such sections or parts thereof [which have been repealed]". Bridges was in fact indicted and convicted for a violation of Chapter 11, Title 8 U.S.C.A. § 746 (a) (1) which was in effect in 1945.

And, finally, appellant argues that he did not ."knowingly" procure naturalization in violation of law, and therefore all of the elements necessary for the revocation of citizenship under Title 8 U.S.C.A. § 738(e) were not present. All the elements of knowledge are present in the verdict of guilt and no error was committed in or during the cancellation and revocation of Mr. Bridges' citizenship.

Affirmed.