**ELKWOOD DOWNS, LTD., Plaintiff,**

v.

**The COUNTY OF CULPEPER, VIRGINIA, Defendant.**

**Civil Action No. 96–0028–C.**

United States District Court, W.D. Virginia, Charlottesville Division.

Nov. 7, 1996.

Allan M. Heyward, Jr., Sands, Anderson, Marks & Miller, Richmond, VA, Douglas S. Durkin, County Attorney for Culpeper County, Culpeper, VA, for County of Culpeper, Va.

### MEMORANDUM OPINION

MICHAEL, Senior District Judge.

 Plaintiff Elkwood Downs, Ltd. appeals from a decision by the United States Bankruptcy Court finding in favor of defendant the County of Culpeper, Virginia. In its posture as a district court reviewing decisions made by the bankruptcy court, this court is bound to uphold the decisions of the lower court unless that court has made findings of fact which are clearly erroneous, or has committed an error of law. A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). The limitation that the clearly erroneous standard imposes on an appellate court does not apply to its review of conclusions of law. Such conclusions, if objected to by a party, are afforded *de novo* review. *See In re Bubble Up Delaware, Inc.*, 684 F.2d 1259, 1262 (9th Cir.1982); Bankr.R. 7052(a), 8013.

 In the instant case, the bankruptcy court correctly determined that Elkwood Downs has failed to rebut the presumption of correctness that is to be afforded to Culpeper County's assessment. In order to rebut the presumption of the assessment's validity, Elkwood Downs must demonstrate manifest error or total disregard of controlling evidence. *See County of Mecklenburg v. Carter*, 248 Va. 522, 526, 449 S.E.2d 810, 812 (1994) (citing *City of Richmond v. Gordon*, 224 Va. 103, 110, 294 S.E.2d 846, 850 (1982)). Elkwood Downs fails to prove manifest error or total disregard of controlling evidence because its arguments are premised on the incorrect belief that the assessment should have been based on its land's value as of January 1, 1991. Instead, as the lower court found, the correct valuation date is January 1, 1988, the date of the county's last general property assessment.

 Assessments that are prompted by the rezoning of property are governed by Virginia Code § 58.1–3285.[1] Section 58.1–

---

1. Section 58.1–3285 states:

 Whenever a tract of land is subdivided into lots under the provisions of law and plats thereof are recorded, subsequent to any general reassessment of real estate in the city or county in which such real estate is situated, each lot in such subdivision shall be assessed and shown separately upon the land books, as required by law. The commissioner of the revenue, in assessing each such lot, shall assess the same at fair market value as of January 1 of the year next succeeding the year in which

3285 directs the commissioner of revenue to "assess or reassess, as required, any lot, tract, piece or parcel of land which has been rezoned, reclassified or as to which any exception has been made, by the zoning authorities of the county." Although the statute does not specify a valuation date upon which an assessment prompted by rezoning should be based, the commissioner is required to consider "other assessments of lots, tracts, pieces or parcels of land in the city or county." Va.Code § 58.1–3285. This mandate counsels that the valuation date for interim assessments based on rezoning is tied to the date of the last general assessment, at which time the comparison properties were last valued. To hold otherwise would be to require that whenever a property is rezoned, the commissioner of revenue must reassess not only the value of the subject property, but also that of the comparison properties. No tortured construction of § 58.1–3285 permits such an interpretation.

■ Moreover, the language of § 58.1–3285 distinguishes between interim assessments prompted by the subdivision of property and interim assessments resulting from a change in zoning: In the case of assessments based on the subdivision of property, the commissioner is instructed to assess the land "at fair market value as of the January 1 of the year next succeeding the year" in which the change was recorded. *Id.* Notably, no such date is specified for interim assessments based on zoning changes. Where a legislature enacts specific language in one section of a statute but omits it from another section of the statute, it is presumed that the exclusion was intentional. *See City of Virginia Beach v. ESG Enters., Inc.,* 243 Va. 149, 153, 413 S.E.2d 642, 644 (1992) (not-

ing that "we must assume that 'the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute' ") (citation omitted)). The import of the contrasting language in § 58.1–3285 is that the Virginia legislature did not intend for interim assessments resulting from a change in zoning to be based on the fair market value of the property as of January 1 of the year following the zoning change. If the legislature desired that such a date be employed, it would have so specified. Instead, the commissioner's reliance on other assessments requires that assessment be based on the property values as of the date of the last general assessment—in this case, January 1, 1988.

■ Finally, assessing the subject property as if it been rezoned prior to the date of the last general assessment does not offend the Constitution of Virginia. "All assessments of real estate and tangible property shall be at their fair market value, *to be ascertained as prescribed by law.*" Va. Const. art. X, § 2. Thus, although assessments are required to be based on the fair market value of property, the method of determining fair market value depends on the underlying statutory enactment. In the instant case, the fair market value of the subject property is calculated as if the property had been rezoned prior to the date of the last general assessment. This method of calculation is constitutional under the Constitution of Virginia because Article X, Section 2 specifies neither the time at which fair market value is to be calculated, nor even the method by which fair market value is determined. Accordingly, using January 1, 1988

such plat is recorded, without regard to the value at which such tract of land was assessed as acreage but with regard to other assessments of lots in such city or county. Such assessment shall stand until the next general reassessment of real estate in such city or county. *The commissioner of the revenue shall also assess or reassess, as required, any lot, tract, piece or parcel of land which has been rezoned, reclassified or as to which any exception has been made, by the zoning authorities of the county.* Further, the commissioner of the revenue shall assess or reassess, as required, any lot, tract, piece or parcel of land upon or

to which improvements have been made, such as hard surfacing of streets or roadways, or installation of curbs, gutters, sidewalks and utilities, any one or all of which may add to the fair market value. *Such an assessment shall be made with regard to other assessments of lots, tracts, pieces or parcels of land in the city or county. To such end the commissioner of the revenue shall be supplied by the city or county with the necessary data and records to indicate any rezoning, reclassification, exception or improvement.*

Va.Code § 58.1–3285 (emphasis added).

as the valuation date for the instant interim assessment is both constitutional and mandated by the underlying statutory enactment.

Finding no merit in Elkwood Downs's other objections to the lower court decision, the opinion below is affirmed.