**UNITED STATES of America,
Plaintiff,**

**v.**

**Arlene INOCENCIO, Defendant.**

**No.  CR.  96–221ACK.**

United States District Court,
D. Hawai'i.

May 15, 2002.

Omer G. Poirier, Office of the United States Attorney, Honolulu, HI, for Plaintiff.

### *ORDER GRANTING APPLICATION FOR REVOCATION OF NATURALIZATION*

KAY, District Judge.

#### *BACKGROUND*

Defendant Arlene Inocencio was convicted by jury verdict of, *inter alia*, naturalization fraud, a violation of 18 U.S.C. § 1425(b); judgment was entered against Defendant on January 21, 1997. Over five years later, on March 20, 2002, the Government submitted an "Application for Order Revoking Naturalization." The Government moves the Court to revoke Defendant's citizenship and cancel her Certificate of Naturalization pursuant to Title 8, United States Code Section 1451(e).

On April 5, 2002, Loretta Faymonville, Defendant's trial attorney,[1] filed on Defendant's behalf an "Objection to Application for Order Revoking Naturalization." Defendant raises the following objections: (1) insufficient notice, (2) lack of jurisdiction, (3) laches, and (4) the availability of civil proceedings.

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without hearing.

### DISCUSSION

■ Title 8, United States Code Section 1451(e) provides:

When a person shall be convicted under section 1425 of Title 18 of knowingly procuring naturalization in violation of law, the court in which such conviction is had shall thereupon[2] revoke, set aside, and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such person to be canceled. Jurisdiction is conferred on the courts having jurisdiction of the trial of such offense to make such adjudication.

8 U.S.C.A. § 1451(e) (West 1999). Caselaw interpreting Section 1451(e) is scarce. Courts have noted, however, that "[t]he provision [1451(e)] is mandatory" such that "the district court *shall* revoke the citizenship if the individual is convicted under section 1425." *United States v. Moses*, 94 F.3d 182, 188 (5th Cir.1996); *Fabuluje v. Ashcroft*, No. 3–01–CV–1371–P, 2002 WL 771827 *4 (N.D.Tex. April 24, 2002) ("8 U.S.C. § 1451(e) mandates that the Court revoke [the petitioner's] citizenship and declare his/her certificate of naturalization canceled" when convicted under 18 U.S.C. § 1425).

Defendant argues that revocation is improper without notice and an opportunity to be heard. However, while Section 1451(b)[3] requires that notice be given in revocation proceedings initiated under Section 1451(a),[4] a similar provision does not

---

1. Ms. Faymonville notes that "it is questionable whether the Office of the Federal Defender continues to represent Ms. Inocencio and that service to the Federal Defender's office is sufficient notice, . . . ." Objection, filed 4/05/02, at ¶ 2.

2. To the Court's knowledge, there is no authority supporting the contention that "thereupon" limits the time in which the convicting court can revoke naturalization. Instead, the Court finds ample support for the contention that "thereupon" connotes that revocation is mandatory and/or self-executing once a person has been convicted under 18 U.S.C. Section 1425. *See United States v. Moses*, 94 F.3d 182, 188 (5th Cir.1996), *Bridges v. United States*, 199 F.2d 845, 847 (9th Cir.1952) (convicting court need not wait for resolution of appeal before revoking naturalization), *Fabuluje v. Ashcroft*, No. 3–01–CV–1371–P, 2002 WL 771827 *4 (N.D.Tex. April 24, 2002).

3. Title 8, Section 1451(b) provides in relevant part:
The party to whom was granted the naturalization alleged to have been illegally procured or procured by concealment of a material fact or by willful misrepresentation shall, in any such proceedings under subsection (a) of this section, have sixty days' personal notice, unless waived by such party, in which to make answers to the petition of the United States. . . .
8 U.S.C.A. § 1451(b).

4. Title 8, Section 1451(a) provides in relevant part:
It shall be the duty of the United States attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any district court of the United States in the judicial district in which the naturalized citizen may reside at the time of bringing suit, for the purpose of revoking and setting aside the order admitting such person to citizenship and canceling the certificate of naturalization on the ground that such order and certificate of naturalization were illegally procured or were procured by concealment of a material fact or by willful misrepresentation, and such revocation and setting aside of the

apply to 1451(e). If Congress intended that notice be provided in revocation proceedings brought pursuant to Section 1451(e), it would not have expressly limited Section 1451(b)'s applicability to Section 1451(a). *See Elkwood Downs, Ltd. v. County of Culpeper,* 202 B.R. 232, 234.(W.D.Va. 1996) ("Where a legislature enacts specific language in one section of a statute but omits it from another section of the statute, it is presumed that the exclusion was intentional."). Moreover, "the other provisions of § 1451 [including notice under § 1451(b)] are simply inapplicable," when the petitioner is convicted, as in this case, under 18 U.S.C. Section 1425. *Fabuluje,* 2002 WL 771827 *4 (citing *Moses,* 94 F.3d at 188).

▮ Defendant's next two arguments take issue with the Government's delay.[5] Defendant argues that the passage of time has divested the Court of jurisdiction. The Court disagrees. Section 1451(e) expressly provides that revocation is to be ordered by "the court in which such conviction is had" and that "[j]urisdiction is conferred on the courts having jurisdiction of the trial of such offense to make such adjudication." 8 U.S.C.A. ¶ 1451(e). Defendant was convicted in this Court. Moreover, this Court clearly was a court "having jurisdiction of the trial" and consequently Section 1451(e) confers jurisdiction to revoke Defendant's naturalization. *See* 2A IMMIGRATION LAW SERVICE § 31:19 (West 1999) ("The court in which the conviction [under 18 U.S.C. § 1425] occurs is empowered, without any further proceedings, to revoke and void the final order admitting the person to citizenship and to cancel the person's certificate of naturalization.");

*Bridges v. United States,* 199 F.2d 845, 846 (9th Cir.1952) (revocation by same court where person convicted), *rev'd on other grounds,* 346 U.S. 209, 73 S.Ct. 1055, 97 L.Ed. 1557 (1953). The Court deems this matter, brought under the same criminal number that Defendant was convicted, to be a part of the original criminal proceeding. *See Bridges,* 199 F.2d at 846 (revocation meant to be a part of the criminal, not a separate, proceeding).

Likewise, the Court finds Defendant's laches objection unpersuasive. Laches requires "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Costello v. United States,* 365 U.S. 265, 282, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). In this case, because Section 1451(e) mandates revocation after conviction under 8 U.S.C. § 1425, Defendant's ability to oppose revocation has not been prejudiced by the Government's delay. The Court also finds persuasive the United States Supreme Court's remarks that "Congress has not enacted a time bar applicable to proceedings to revoke citizenship procured by fraud. On this record, the petitioner never had a right to citizenship. Depriving him of his fraudulently acquired privilege, even after the lapse of many years, is not so unreasonable as to constitute a denial of due process," *id.* at 283–84, 81 S.Ct. 534 (interpreting 8 U.S.C. Section 1451(a)), and the Ninth Circuit's holding that a seven and a half year delay due to a court clerical in the execution of a sentence does not violate concepts of fundamental fairness. *See United States v.*

---

order admitting such person to citizenship and such canceling of certificate of naturalization shall be effective as of the original date of the order and certificate, respectively. . . .
8 U.S.C.A. § 1451(a).

**5.** It appears that revocation of Defendant's naturalization would have been a certainty had the Government moved for revocation under Section 1451(e) before or during the sentencing phase. *See* Objection, filed 4/5/02, at ¶ 5; *see also Moses,* 94 F.3d at 188; *Fabuluje,* 2002 WL 771827 *4.

*Martinez,* 837 F.2d 861, 864–65 (9th Cir. 1998).

■ Finally, the Court finds that Defendant's last argument lacks merit. Section 1451(e) is not rendered ineffective by the availability of civil revocation proceedings.

### CONCLUSION

Based on the foregoing, the Court GRANTS the United States' Application for Order Revoking the Naturalization of Defendant Arlene Inocencio. The order admitting Arlene Inocencio to citizenship is revoked, set aside, and declared void and her Certificate of Naturalization is canceled on the grounds that she was convicted in this Court of violating Title 18, United States Code Section 1425(b), naturalization fraud.

IT IS SO ORDERED.