**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4854**

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

KWAME ESSEL DJANSON, a/k/a Quarmey Gyanson Essel, a/k/a
Samuel Kofi Essel,

> Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Liam O'Grady, District
Judge.  (1:13-cr-00177-LO-1)

Submitted:  June 27, 2014            Decided:  July 11, 2014

Before KING, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Caroline S.
Platt, Appellate Attorney, Brooke Sealy Rupert, Assistant
Federal Public Defender, Alexandria, Virginia, for Appellant.
Dana J. Boente, United States Attorney, Dina S. Finkel, Special
Assistant United States Attorney, Gene Rossi, Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kwame Essel Djanson appeals his conviction for unlawful procurement of naturalization, in violation of 8 U.S.C. § 1425(a) (2012),[*] and the district court's order revoking his naturalization. Finding no error, we affirm.

Djanson first claims that the indictment failed to state an offense, and the district court therefore erred in denying his timely motion to dismiss. He argues that "an indictment for an offense which includes a 'contrary to law' element — without stating which law the defendant's conduct violated — is inadequate because it does not set forth the elements of the offense with sufficient specificity." (Appellant's Br. at 26-27).

In reviewing the denial of a motion to dismiss an indictment, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Woolfolk, 399 F.3d 590, 594 (4th Cir. 2005). "When a criminal defendant challenges the sufficiency of an indictment prior to the verdict, we apply a heightened scrutiny." United States v. Kingrea, 573 F.3d 186, 191 (4th Cir. 2009). A federal

---

[*] Djanson does not appeal his remaining convictions for making a false statement in connection with the purchase of a firearm and making a false statement in an application for a passport.

2

indictment must contain the elements of the offense charged, fairly inform the defendant of the charge, and enable the defendant to plead double jeopardy as a defense to future prosecutions for the same offense. United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007); see Fed. R. Crim. P. 7(c)(1).

After reviewing the statutory language and the language contained in the indictment, we conclude that the indictment properly set forth the elements of the offense charged, fairly informed Djanson of the charge, and informed him of the material false statements that he was charged with making. Although the phrase "contrary to law" is not defined in § 1425(a), it has been interpreted to mean a violation of the laws governing naturalization. See United States v. Puerta, 982 F.2d 1297, 1300-01 (9th Cir. 1992) ("The statute does not define the phrase 'contrary to law.' Presumably the 'law' referred to is the law governing naturalization."); see also Fedorenko v. United States, 449 U.S. 490, 506 (1981) (recognizing that "there must be strict compliance with all of the congressionally imposed prerequisites to the acquisition of citizenship" and that "[f]ailure to comply with any of these conditions renders the certificate of citizenship 'illegally procured,' and naturalization that is unlawfully procured can be set aside"). Because knowingly making material false statements to procure naturalization is always contrary to the law, we find Djanson's

3

argument without merit and we uphold the district court's denial of the motion to dismiss.

Djanson next alleges that the district court erred in failing to give his proposed jury instruction on the § 1425(a) charge and contends that the court failed to properly instruct the jury on the "contrary to law" element of the offense. We review de novo a claim that a jury instruction failed to correctly state the applicable law. See United States v. Jefferson, 674 F.3d 332, 351 (4th Cir. 2012). "A trial court has 'considerable discretion in choosing the specific wording of [its] instructions,' and we will not reverse unless an instructional error 'is determined to have been prejudicial, based on a review of the record as a whole.'" United States v. Whitfield, 695 F.3d 288, 305 (4th Cir. 2012) (quoting Figg v. Schroeder, 312 F.3d 625, 640 (4th Cir. 2002)), cert. denied, 133 S. Ct. 1461 (2013). In conducting our review, we do "not view a single instruction in isolation; rather we consider whether taken as a whole and in the context of the entire charge, the instructions accurately and fairly state the controlling law." United States v. Rahman, 83 F.3d 89, 92 (4th Cir. 1996).

We have thoroughly reviewed Djanson's proposed instruction and the instructions given by the district court in the context of its entire charge to the jury. As discussed above, we conclude that the Government was not required to

4

specify an underlying predicate offense in order to charge Djanson with a § 1425(a) violation. Moreover, to the extent that Djanson contends that the instructions never set forth the element that his statements must be "contrary to law," we conclude that the entire charge, taken as a whole, accurately and fairly stated the controlling law. See id. Because Djanson has failed to show that the "contrary to law" element was not substantially covered by the district court's jury charge or that the failure to further define "contrary to law" seriously impaired his ability to conduct his defense, see United States v. Hassan, 742 F.3d 104, 129 (4th Cir.), cert. denied, __ S. Ct. __, 2014 WL 1747984 (U.S. June 9, 2014) (No. 13-9948), we conclude that no error occurred. See United States v. Latchin, 554 F.3d 709, 715 (7th Cir. 2009) (considering jury instructions on § 1425(a) charge).

Djanson next argues that there was insufficient evidence to support his conviction. We review a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is

5

supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

In attacking the sufficiency of the evidence, Djanson argues that "no witness specified which law [his] procurement of naturalization was 'contrary to' such that it violated § 1425(a)." (Appellant's Br. at 34). As explained above, we conclude that this argument is without merit. Moreover, our review of the record convinces us that substantial evidence clearly supported the jury's verdict in this case.

Finally, Djanson contends that the district court erred in entering an order of denaturalization. Pursuant to 8 U.S.C. § 1451(e) (2012),

> When a person shall be convicted under section 1425 of
> Title 18 of knowingly procuring naturalization in
> violation of law, the court in which such conviction

> is had shall thereupon revoke, set aside, and declare
> void the final order admitting such person to
> citizenship, and shall declare the certificate of
> naturalization of such person to be canceled.
> Jurisdiction is conferred on the courts having
> jurisdiction of the trial of such offense to make such
> adjudication.

He argues that his judgment of conviction does not become final until after he has exhausted his rights to appeal, and alleges "the district [sic] erred when it concluded that it could not wait to issue the denaturalization order until this appeal, and any potential resulting petition for certiorari, have been resolved." (Appellant's Br. at 36).

We conclude that Djanson's argument is contrary to the plain language of the statute. Upon a § 1425(a) conviction, the statute provides that the trial court "shall thereupon revoke, set aside and declare void" the order admitting a defendant to citizenship and "shall" cancel the certificate of naturalization. 8 U.S.C. § 1451(e). Moreover, the cases to consider this statutory provision have found that revocation of naturalization is automatic, ministerial, and involves no exercise of discretion. See, e.g., Latchin, 554 F.3d at 716 ("Under 8 U.S.C. § 1451(e), a conviction for knowingly procuring naturalization in violation of the law results in automatic denaturalization."); Bridges v. United States, 199 F.2d 845, 846 (9th Cir. 1952) (rejecting defendant's claim that he is not 'convicted' until all appellate remedies have been exhausted and

7

finding that the revocation is "meant to be a part of the criminal proceedings and not a separate proceeding. This is indicated by the language of the subsection itself which states that when a person is convicted of obtaining citizenship by fraud, his citizenship shall 'thereupon' be revoked in the same court where he was convicted."), <u>reversed on other grounds by</u> 346 U.S. 209 (1953). We therefore uphold the district court's denaturalization order.

Accordingly, we affirm the criminal judgment and the district court's order revoking naturalization. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

8