Justice Stevens
delivered the opinion of the Court.
A jury convicted respondent Juan Resendiz-Ponce, a Mexican citizen, of illegally attempting to reenter the United States. Because the indictment failed to allege a specific overt act that he committed in seeking reentry, the Court of Appeals set aside his conviction and remanded for dismissal of the indictment. We granted the Government’s petition for certiorari to answer the question whether the omission of an element of a criminal offense from a federal indictment can constitute harmless error. 547 U. S. 1069 (2006).
Although the Government expressly declined to “seek review of the court of appeals’ threshold holdings that the com *104 mission of an overt act was an element of the offense of attempted unlawful reentry and that the indictment failed to allege that element,” Pet. for Cert. 9, n. 3, “ ‘[i]t is not the habit of the Court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case,’ ” Ashwander v. TVA, 297 U. S. 288, 347 (1936) (Brandeis, J., concurring) (quoting Burton v. United States, 196 U. S. 283, 295 (1905)). For that reason, after oral argument we ordered the parties to file supplemental briefs directed to the question whether respondent’s indictment was in fact defective. We conclude that it was not and therefore reverse without reaching the harmless-error issue.
I
Respondent was deported twice, once in 1988 and again in 2002, before his attempted reentry on June 1,2003. On that day, respondent walked up to a port of entry and displayed a photo identification of his cousin to the border agent. Respondent told the agent that he was a legal resident and that he was traveling to Calexico, California. Because he did not resemble his cousin, respondent was questioned, taken into custody, and ultimately charged with a violation of 8 U. S. C. § 1326(a).[1] The indictment alleged:
*105 “On or about June 1, 2003, JUAN RESENDIZPONCE, an alien, knowingly and intentionally attempted to enter the United States of America at or near San Luis in the District of Arizona, after having been previously denied admission, excluded, deported, and removed from the United States at or near Nogales, Arizona, on or about October 15, 2002, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission.
“In violation of Title 8, United States Code, Sections 1326(a) and enhanced by (b)(2).” App. 8.
Respondent moved to dismiss the indictment, contending that it “fail[ed] to allege an essential element, an overt act, or to state the essential facts of such overt act.” Id., at 12. The District Court denied the motion and, after the jury found him guilty, sentenced respondent to a 63-month term of imprisonment.
The Ninth Circuit reversed, reasoning that an indictment’s omission of “an essential element of the offense is a fatal flaw not subject to mere harmless error analysis.” 425 F. 3d 729, 732 (2005). In the court’s view, respondent’s indictment was fatally flawed because it nowhere alleged “any specific overt act that is a substantial step” toward the completion of the unlawful reentry.*
[2] Id., at 733. The panel majority explained:
*106 “The defendant has a right to be apprised of what overt act the government will try to prove at trial, and he has a right to have a grand jury consider whether to charge that specific overt act. Physical crossing into a government inspection area is but one of a number of other acts that the government might have alleged as a substantial step toward entry into the United States. The indictment might have alleged the tendering a bogus identification card; it might have alleged successful clearance of the inspection area; or it might have alleged lying to an inspection officer with the purpose of being admitted. ... A grand jury never passed on a specific overt act, and Resendiz was never given notice of what specific overt act would be proved at trial.” Ibid.
Judge Reavley concurred, agreeing that Ninth Circuit precedent mandated reversal. If not bound by precedent, however, he would have found the indictment to be “constitutionally sufficient” because it clearly informed respondent “of the precise offense of which he [was] accused so that he [could] prepare his defense and so that a judgment thereon [would] safeguard him from a subsequent prosecution for the same offense.” Ibid.
II
At common law, the attempt to commit a crime was itself a crime if the perpetrator not only intended to commit the completed offense, but also performed “‘some open deed tending to the execution of his intent.’ ” 2 W. LaFave, Substantive Criminal Law § 11.2(a), p. 205 (2d ed. 2003) (quoting E. Coke, Third Institute 5 (6th ed. 1680)); see Keedy, Criminal Attempts at Common Law, 102 U. Pa. L. Rev. 464, 468 (1954) (noting that common-law attempt required “that some act must be done towards carrying out the intent”). More *107 recently, the requisite “open deed” has been described as an “overt act” that constitutes a “substantial step” toward completing the offense. 2 LaFave, Substantive Criminal Law § 11.4; see ALI, Model Penal Code § 5.01(l)(c) (1985) (defining “criminal attempt” to include “an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime”); see also Braxton v. United States, 500 U. S. 344, 349 (1991) (“For Braxton to be guilty of an attempted killing under 18 U. S. C. §1114, he must have taken a substantial step towards that crime, and must also have had the requisite mens rea”). As was true at common law, the mere intent to violate a federal criminal statute is not punishable as an attempt unless it is also accompanied by significant conduct.
The Government does not disagree with respondent’s submission that he cannot be guilty of attempted reentry in violation of 8 U. S. C. § 1326(a) unless he committed an overt act qualifying as a substantial step toward completion of his goal. See Supplemental Brief for United States 7-8. Nor does it dispute that “[a]n indictment must set forth each element of the crime that it charges.” Almendarez-Torres v. United States, 523 U. S. 224, 228 (1998). It instead contends that the indictment at bar implicitly alleged that respondent engaged in the necessary overt act “simply by alleging that he ‘attempted to enter the United States.’ ” Supplemental Brief for United States 8. We agree.
Not only does the word “attempt” as used in common parlance connote action rather than mere intent, but more importantly, as used in the law for centuries, it encompasses both the overt act and intent elements. Consequently, an indictment alleging attempted illegal reentry under § 1326(a) need not specifically allege a particular overt act or any other “component par[t]” of the offense. See Hamling v. United States, 418 U. S. 87, 119 (1974). Just as it was enough for the indictment in Hamling to allege that the defendant mailed “obscene” material in violation of 18 U. S. C. *108 § 1461, see 418 U. S., at 117-118, it was enough for the indictment in this case to point to the relevant criminal statute and allege that “[o]n or about June 1, 2003,” respondent “attempted to enter the United States of America at or near San Luis in the District of Arizona,”[3] App. 8.
In Hamling, we identified two constitutional requirements for an indictment: “first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.” 418 U. S., at 117. In this case, the use of the word “attempt,” coupled with the specification of the time and place of respondent’s attempted illegal reentry, satisfied both. Indeed, the time-and-place information provided respondent with more adequate notice than would an indictment describing particular overt acts. After all, a given defendant may have approached the border or lied to a border-patrol agent in the course of countless attempts on innumerable occasions. For the same reason, the time-and-date specification in respondent’s indictment provided ample protection against the risk of multiple prosecutions for the same crime.[4]
*109 Respondent nonetheless maintains that the indictment would have been sufficient only if it had alleged any of three overt acts performed during his attempted reentry: that he walked into an inspection area; that he presented a misleading identification card; or that he lied to the inspector. See Supplemental Brief for Respondent 7. Individually and cumulatively, those acts tend to prove the charged attempt— but none was essential to the finding of guilt in this case. All three acts were rather part of a single course of conduct culminating in the charged “attempt.” As Justice Holmes explained in Swift & Co. v. United States, 196 U. S. 375, 396 (1905), “[t]he unity of the plan embraces all the parts.”[5]
Respondent is of course correct that while an indictment parroting the language of a federal criminal statute is often sufficient, there are crimes that must be charged with greater specificity. See Hamling, 418 U. S., at 117. A clear example is the statute making it a crime for a witness summoned before a congressional committee to refuse to answer any question “pertinent to the question under inquiry.” 2 U. S. C. § 192. As we explained at length in our opinion in Russell v. United States, 369 U. S. 749 (1962), a valid indictment for such a refusal to testify must go beyond the words of § 192 and allege the subject of the congressional hearing in order to determine whether the defendant’s refusal was “pertinent.” Based on a number of cases arising out of congressional investigations, we recognized that the relevant hearing’s subject was frequently uncertain but invariably “central to every prosecution under the statute.” Id., at 764. Both to provide fair notice to defendants and to ensure that any conviction would arise out of the theory of guilt *110 presented to the grand jury, we held that indictments under § 192 must do more than restate the language of the statute.
Our reasoning in Russell suggests that there was no infirmity in the present indictment. First, unlike the statute at issue in Russell, guilt under 8 U. S. C. § 1326(a) does not “depen[d] so crucially upon such a specific identification of fact.” 369 U. S., at 764. Second, before explaining the special need for particularity in charges brought under 2 U. S. C. §192, Justice Stewart noted that, in 1872, Congress had enacted a statute reflecting “the drift of the law away from the rules of technical and formalized pleading which had characterized *an earlier era.”[6] 369 U. S., at 762. Other than that statute, which was repealed in 1948, there was no other legislation dealing generally with the subject of indictments until the promulgation of Federal Rule of Criminal Procedure 7(c)(1). As we have said, the Federal Rules “were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure.” United States v. Debrow, 346 U. S. 374, 376 (1953). While detailed allegations might well have been required under common-law pleading rules, see, e. g., Commonwealth v. Peaslee, 177 Mass. 267, 59 N. E. 55 (1901), they surely are not contemplated by Rule 7(c)(1), which provides that an indictment “shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.”[7]
*111 Because we are satisfied that respondent’s indictment fully complied with that Rule and did not deprive him of any significant protection that the constitutional guarantee of a grand jury was intended to confer, we reverse the judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

It is so ordered.

 Title 8 U. S. C. § 1326 provides, in part:
“Reentry of removed aliens
“(a) In general
“Subject to subsection (b) of this section, any alien who—
“(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
“(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien’s reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, *105 “shall be fined under title 18, or imprisoned not more than 2 years, or both.”

 In the opinion of the Ninth Circuit, the five elements of the offense of attempted reentry in violation of § 1326(a) are:
“(1) [T]he defendant had the purpose, i. e., conscious desire, to reenter the United States without the express consent of the Attorney General; (2) the defendant committed an overt act that was a substantial step towards reentering without that consent; (3) the defendant was not a citizen of the United States; (4) the defendant had previously been lawfully denied admission, excluded, deported or removed from the United States; and *106 (5) the Attorney General had not consented to the defendant’s attempted reentry.” United States v. Gracidas-Ulibarry, 231 F. 3d 1188,1196 (2000) (en banc).

 See United States v. Toma, No. 94-CR-333, 1995 WL 65031, *1 (ND Ill., Feb. 13,1995) (“[F]or indictment purposes, use of the word ‘attempt’ is sufficient to incorporate the substantial step element. The word ‘attempt’ necessarily means taking a substantial step” (footnote omitted)).

 There is little practical difference between our holding and Justice Scalia’s position. Apparently, Justice Scaua would have found the indictment to be sufficient if it also stated that respondent “ ‘took a substantial step’ ” toward entering the United States. See post, at 116 (dissenting opinion). Unlike the Ninth Circuit, then, Justice Scaua would not have required the indictment to allege a particular overt act such as tendering a false identification to a border inspector. Compare ibid, with 425 F. 3d 729, 733 (2005) (case below). With all due respect to his principled position, we think that the “substantial step” requirement is implicit in the word “attempt,” and we do not believe that adding those four words would have given respondent any greater notice of the charges against him or protection against future prosecution.

 Likewise, it would it be unrealistic to suggest that respondent actually committed three separate attempt offenses involving three different overt acts. Indeed, if each overt act were treated as a separate element, an attempt involving multiple overt acts might conceivably qualify for several separate offenses, thus perversely enhancing, rather than avoiding, the risk of successive prosecution for the same wrong.

 The 1872 statute provided that “no indictment found and presented by a grand jury in any district or circuit... shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant.” §8, 17 Stat. 198. The opinion in Russell noted that the 1872 statute had been repealed, but its substance had been preserved in Federal Rule of Criminal Procedure 52(a). See 369 U. S., at 762.

 Federal Rule of Criminal Procedure 31(c) is also instructive. It provides that a defendant may be found guilty of “an attempt to commit the offense charged; or ... an attempt to commit an offense necessarily in *111 cluded in the offense charged, if the attempt is an offense in its own right.” Fed. Rules Crim. Proc. 31(c)(2M3). If a defendant indicted only for a completed offense can be convicted of attempt under Rule 31(c) without the indictment ever mentioning an overt act, it would be illogical to dismiss an indictment charging “attempt” because it fails to allege such an act.