UNITED STATES of America, Plaintiff–Appellee,

v.

Salvador ESTRELLA–ACOSTA, Defendant–Appellant.

No. 05–50563.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 26, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

US Attorneys Office, Kevin M. Mulcahy, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Zandra L. Lopez, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

** This disposition is not appropriate for publication and is not precedent except as provid-

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Salvador Estrella–Acosta appeals from his conviction and the 21–month sentence imposed for attempted entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

▇ Estrella–Acosta first contends that the district court erred by refusing to dismiss his indictment because the indictment failed to allege an overt act that was a substantial step, an essential element of his offense of attempted entry. This contention is foreclosed. *See United States v. Resendiz–Ponce,* —— U.S. ——, 127 S.Ct. 782, 788, 166 L.Ed.2d 591 (2007).

▇ Estrella–Acosta next contends that the district court erred when it failed to dismiss his indictment because of improper grand jury instructions. Estrella–Acosta acknowledges that *United States v. Navarro–Vargas,* 408 F.3d 1184, 1204–08 (9th Cir.2005) (en banc), forecloses all of his grand jury challenges, except for his challenge to the instruction related to potential punishment for a crime. However, we have held that this grand jury instruction is constitutional. *See United States v. Cortez–Rivera,* 454 F.3d 1038, 1040–41 (9th Cir.2006). Accordingly, his contention is foreclosed.

▇ Finally, Estrella–Acosta contends that the district court erred by increasing his sentence pursuant to 8 U.S.C. § 1326(b)(2) based on a prior conviction that he did not admit, and was not found

ed by 9th Cir. R. 36–3.

beyond a reasonable doubt. He also contends that in light of subsequent Supreme Court decisions, *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has been overruled and that § 1326(b) is unconstitutional. These contentions are foreclosed. *See United States v. Velasquez–Reyes,* 427 F.3d 1227, 1229 (9th Cir.2005); *see also United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006) (reaffirming the validity of Almendarez–Torres and rejecting a challenge to the constitutionality of § 1326(b)).

**AFFIRMED.**