William C. PEAY, Appellant,

v.

UNITED STATES, Appellee.

No. 05–CF–898.

District of Columbia Court of Appeals.

Submitted July 18, 2006.
Decided May 17, 2007.

 

violation of D.C.Code § 22–402 (2001), and one count of felony destruction of property, in violation of D.C.Code § 22–303 (2001). On appeal, Peay argues (1) that the four counts of ADW should merge, and (2) that the trial court erred by constructively amending the indictment. Additionally, because we observed that the destruction of property indictment did not specify the property value required to distinguish between a misdemeanor and felony offense, we requested supplemental briefs[1] addressing "whether Peay could be convicted of felony destruction of property based on this indictment." For the reasons stated below, we conclude that Peay was properly convicted of felony destruction of property. As the government concedes that Peay's ADW convictions merge, however, we remand the case for the trial court to vacate those convictions that merge. In all other respects, we affirm.

William G. Dansie, appointed by the court, and Betty J. Clark, were on the brief for appellant.

Jeffrey A. Taylor, United States Attorney, and Kenneth L. Wainstein, United States Attorney at the time the case was submitted, and Roy W. McLeese III, Elizabeth Trosman, Luis Andrew Lopez, Lisa H. Schertler and Barry Wiegand, Assistant United States Attorneys, were on the brief for appellee.

Before GLICKMAN, Associate Judge, and PRYOR and KING, Senior Judges.

KING, Senior Judge:

Following a jury trial, William Peay was found guilty of four counts of assault with a deadly weapon (automobile) ("ADW"), in

## I.

This case arose after a dispute between one of the complainants, Stanley Wagoner, and Peay over Peay's purchase of a vehicle from Wagoner. Wagoner drove away from Peay's home in his own vehicle and Peay gave chase, ramming his vehicle into the "left-side quarter panel" of Wagoner's vehicle, on a street near Hadley Memorial Hospital. Peay then deliberately struck Wagoner's vehicle again in the hospital parking lot. The latter vehicle was also occupied by Wagoner's two children, and another adult, Sean Woodard. The second collision damaged the headlights, radiator, bumper and grill on the front of Wagoner's

1. Supplemental briefing called our attention to *United States v. Resendiz–Ponce,* —— U.S. ——, 127 S.Ct. 782, 166 L.Ed.2d 591 (2007), which was then pending before the Supreme Court. Because the Supreme Court had granted certiorari on the question of "whether the omission of an element of a criminal offense from a federal indictment can constitute harmless error," *id.* at 785, we deferred decision in this case to await the Supreme Court's decision in *Resendiz–Ponce.* However, because the Supreme Court ultimately decided that case on narrower grounds, the decision is not applicable here.

vehicle. The damage from the second collision was estimated at $750.

Peay was indicted on four counts of ADW, with each count naming a different occupant of the car as complainant. In addition, the indictment charged Peay with destroying Wagoner's vehicle in violation of D.C.Code § 22–303,[2] alleging that

> [o]n or about June 8, 2002, within the District of Columbia, William Peay, Jr. maliciously did injure, break, and destroy certain property, that is, an automobile, property of Stanley Wagoner, Jr.

This count did not specify whether the indictment was for a felony or misdemeanor nor did it state the value of the property destroyed. However, in its preliminary instructions, the court instructed the jury on felony destruction of property as follows:

> The essential elements of malicious destruction of property, each of which the government must prove beyond a reasonable doubt are, one, that the defendant injured, that is, damaged or destroyed, attempted to injure or destroy property, that is an automobile; two, that the property was not the defendant's property; three, that the defendant acted voluntarily and on purpose, not by mistake or accident; four, that the defendant acted either with intent to injure or destroy the property, or with a conscious disregard of known and substantial risk of harm that was likely to result to the property from his actions; and five, that the value of the damaged or destroyed property was $200 or more.

In discussing jury instructions with the court, Peay requested a lesser included offense instruction of misdemeanor destruction of property, which the court agreed to give. The court then proposed including a unanimity instruction because of the allegations that Peay had struck Wagoner's car two times. Peay objected to the unanimity instruction, arguing that by doing so the court was "basically amending the indictment." At the close of testimony the court again instructed the jury on the elements of felony destruction of property and, as a lesser included offense, misdemeanor destruction of property, noting that the only distinguishing factor between the two offenses is that for a misdemeanor "there's no monetary value, it doesn't have to be $200 or more." The trial court then gave the jury a unanimity instruction as follows:

> Now, the defendant has been charged with one count of destruction of property, felony, and for your considerations is the lesser included offense of destruction of property, misdemeanor. There has been evidence of more than one act or incident upon which a conviction on these counts may be based. Again, it is alleged that the defendant while driving a white car initially struck the complainant's black [car] on the left side corner panel as the complainant was driving away on Martin Luther King Avenue; and then a separate incident moments later when it is alleged that the defendant, while driving a white car, struck the complainant's black car in the parking lot of the Hadley Memorial Hospital. You may find the defendant guilty on these counts if the government proves beyond a reasonable doubt that the defendant committed either of these acts.

---

**2.** D.C.Code § 22–303 states: "Whoever maliciously injures or breaks or destroys, or attempts to injure or break or destroy, by fire or otherwise, any public or private property, whether real or personal, not his or her own, of the value of $200 or more, shall be fined not more than $5,000 or shall be imprisoned for not more than 10 years, or both, and if the value of the property be less than $200 shall be fined not more than $1,000 or imprisoned for not more than 180 days, or both."

However, in order to return a guilty verdict on the destruction of property felony count, all jurors must unanimously agree that this destruction of property, felony count, refers to the act or incident that occurred in the parking lot of the Hadley Memorial Hospital.[3] The destruction of property felony relates to the alleged incident that occurred in the Hadley Memorial parking lot.

However, in order to return a guilty verdict on the lesser included offense of destruction of property misdemeanor, all jurors must unanimously agree as to at least one of the two specific acts. In other words, you must all agree that the defendant committed destruction of property misdemeanor when the defendant, while driving a white car initially, struck the complainant's black car, left side corner panel, as the complainant was driving away from Martin Luther King Avenue, or that the defendant committed destruction of property misdemeanor when, while driving a white car, struck the complainant's black car in the parking lot of the Hadley Memorial Hospital.

The jury ultimately returned a guilty verdict on the four ADW charges and felony destruction of property. Peay was sentenced to concurrent terms of seven years in prison, followed by three years of supervised release, for each ADW conviction. For the destruction of property conviction, he was sentenced to three years in prison, consecutive to the ADW sentences,[4] followed by three years of supervised release. This appeal followed.

---

**3.** This instruction was given because there was no testimony regarding the amount of damage incurred in the first collision. There was testimony, however, that the damage incurred as a result of the second collision was $750.

## II.

### A.

■ "A constructive amendment occurs when 'the trial court permits the jury to consider, under the indictment an element of the charge that differs from the specific words of the indictment.'" *Williams v. United States*, 756 A.2d 380, 388 (D.C.2000) (quoting *Ingram v. United States*, 592 A.2d 992, 1005 (D.C.1991)). This results when "'facts introduced at trial go to an *essential element* of the offense charged, and the facts are different from the facts that would support the offense charged in the indictment.'" *Baker v. United States*, 867 A.2d 988, 997 (D.C. 2005) (quoting *Carter v. United States*, 826 A.2d 300, 304 (D.C.2003)), *cert. denied, Sampson v. United States*, —— U.S. ——, 126 S.Ct. 2882, 165 L.Ed.2d 897 (2006), and *Franklin v. United States*, —— U.S. ——, 126 S.Ct. 2883, 165 L.Ed.2d 897 (2006). A constructive amendment "occurs if, *and only* if, the prosecution relies at trial on a complex of facts distinctly different from that which the grand jury set forth in the indictment." *Carter, supra*, 826 A.2d at 306 (citation omitted; emphasis in original). If there has been a constructive amendment to an indictment, and the issue has been properly preserved for appeal, *per se* reversal is required. *Id.* at 303 & n. 7 (citations omitted). In circumstances where there is no constructive amendment, there still may be a prejudicial variance. A variance occurs "when 'the facts proved at trial materially differ from the facts contained in the indictment but the essential elements of the offense are the same.'" *Williams, supra*, 756 A.2d at 388 (quoting

---

**4.** Peay later filed a motion with the trial court to reduce his sentence. The court granted the motion and ordered that the sentence for DP run concurrent to the ADW sentences.

*Ingram, supra,* 592 A.2d at 1005). To prevail on a variance claim, an appellant must demonstrate prejudice. *Zacarias v. United States,* 884 A.2d 83, 87 (D.C.2005). A variance is prejudicial where it deprives the accused of the notice required to prepare a defense or where it exposes him to the risk of another prosecution in contravention of his Double Jeopardy rights. *Id.*

 Peay asserts that because the evidence adduced at trial reflected two collisions, and because the trial court instructed the jury with respect to both collisions by way of a special unanimity instruction, a constructive amendment to the indictment resulted. However, this assertion finds no support in the record. The indictment included only a general reference to the nature of the destruction of property involved. It did not allege that damage stemmed from a specific collision or a specific location. As the government points out in its brief, "[t]he indictment simply reflected the grand jury's assessment that appellant had damaged a particular car on a particular date." That the prosecution presented evidence of both collisions and that the trial court addressed both in the special unanimity instruction[5] does not demonstrate reliance on a set of facts at odds with the express language of the indictment. Rather, it merely demonstrates that the evidence adduced at trial by the prosecution filled in the factual gaps regarding the details of the incident where the indictment itself remained silent.

 Likewise, to the extent Peay argues that there was a prejudicial variance, we conclude that there was no material discrepancy between the facts introduced at trial and those contained in the indictment. Indeed, the evidence adduced was entirely consistent with the indictment. Furthermore, even if we were to find a variance, Peay has failed to demonstrate any prejudice that would warrant reversal. *See id.; Baker,* 867 A.2d at 1000 n. 7 (no prejudicial variance when events proven to jury and those alleged in indictment occurred on same day, at same time, at same location, and by same individual). We are satisfied, from the initial criminal complaint, which included *Gerstein*[6] statements referencing both collisions, that Peay was on notice that the government intended to adduce evidence of both collisions. Furthermore, there is nothing to suggest that he would be placed at risk of another prosecution. Thus, we conclude that the evidence of the two collisions and the court's related unanimity instruction did not result in a constructive amendment of the indictment.

**B.**

 We raised *sua sponte* the issue of whether the indictment was sufficient to support a conviction of felony destruction of property. "It is well established that an indictment must contain all the essential elements of the offense charged." *United States v. Bradford,* 482 A.2d 430, 432 (D.C. 1984) (citations omitted). "[W]here the

---

**5.** Because the evidence established that there were two collisions, the court was required to provide the unanimity instruction. This court stated in *Scarborough v. United States,* 522 A.2d 869, 871 (D.C.1987), that

> the Sixth Amendment requirement for a unanimous verdict requires that "[w]here one charge encompasses two separate incidents, the judge must instruct the jury that if a guilty verdict is returned the jurors must be unanimous as to which incident or

incidents they find the defendant guilty." Such an instruction is necessary to prevent the possibility that some jurors might vote to convict based solely on one incident while others vote to convict based solely on the other.

[Footnote omitted.]

**6.** *See Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

grade of the offense, and consequently the punishment, depend on the value of the property, it is essential that the value of the property be alleged as well as proven in order to support the felony conviction." *Wittenberg v. United States,* 366 A.2d 128, 132 (D.C.1976) (citation omitted; emphasis omitted). Moreover, "it is a violation of the Fifth Amendment for a defendant to be convicted of an offense with which he has not been charged in the indictment or other charging document." *Johnson v. United States,* 812 A.2d 234, 241 (D.C. 2002) (citations omitted).

■ Here, as in *Wittenberg,* the offense charged included a statutory distinction between felony and misdemeanor grades of the crime predicated on a fixed value. Because the indictment here failed to specify the value of damage to the complainant's vehicle, the indictment did not allege felony destruction of property. By permitting the jury to consider the felony grade of the offense, the trial court thus permitted a constructive amendment of the indictment which allowed Peay to be convicted of an offense for which he was not charged.

■ Concluding that the trial court erred in proceeding as if the indictment charged a felony does not end our inquiry, however. In similar contexts, we have held that "plain error review applies to a claim that an indictment has been constructively amended if an objection has not been made at the trial level." *Smith v. United States,* 801 A.2d 958, 962 (D.C. 2002) (citing *United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)) (finding no plain error where an indictment recited language from one subsection of the aggravated assault statute and the jury instructions recited language from a different subsection), *cert. denied,* 537 U.S. 1011, 123 S.Ct. 479, 154 L.Ed.2d 413 (2002); *see also Johnson, supra,* 812 A.2d at 242 (applying plain error review

where defendant was permitted to plead guilty to offense for which he was not indicted). In *Cotton,* the Supreme Court overruled *Ex Parte Bain,* 121 U.S. 1, 13, 7 S.Ct. 781, 30 L.Ed. 849 (1887), where it had ruled that a defective indictment warranted per se reversal because it deprived the court of jurisdiction, and held that "[f]reed from the view that indictment omissions deprive a court of jurisdiction" the plain error test of *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), was applicable. *Cotton, supra,* 535 U.S. at 631, 122 S.Ct. 1781. Thus, we conclude that plain error review is appropriate where an indictment omits an element of the offense for which a defendant is later convicted where there has been no objection.

■ Although Peay voiced objections on other grounds, he did not object to the trial court's instruction on felony destruction of property. Thus, plain error review is applicable here. Under the plain error standard, this court will reverse only in cases where there "was (1) error, (2) that is plain, (3) that affects substantial rights, and (4) [the error] seriously affects the fairness, integrity or public reputation of judicial proceedings." *Marquez v. United States,* 903 A.2d 815, 817 (D.C.2006) (citing *Olano, supra,* 507 U.S. at 732–36, 113 S.Ct. 1770) (other citations omitted). Peay meets the first three prongs of this test because the trial court erred in treating the indictment as a felony, the error was plain, and it affected his substantial rights by increasing his sentencing exposure for the offense. However, the fourth prong has not been satisfied. Peay was on notice—at the least from the outset of trial—that he was being tried for felony destruction of property, as the court's preliminary instructions to the jury included the elements of the felony offense. Indeed, the case was tried on the under-

standing, on the part of everyone involved, that the destruction of property count charged a felony. Additionally, the evidence adduced at trial demonstrated that the value of damage exceeded the statutorily prescribed amount necessary to charge felony destruction of property and the jury was again instructed on the requisite elements of the felony offense in the trial court's final instructions. Thus, we conclude that the error did not seriously affect the "fairness, integrity or public reputation of judicial proceedings," and was therefore not plain error.

For the reasons stated, the judgment on appeal is hereby affirmed except for Peay's four ADW convictions, which merge. Accordingly, we remand the case to permit the trial court to vacate those convictions that merge.

*So ordered.*