**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Pablo GONZALEZ–PONCE,**
**Defendant—Appellant.**

No. 05–50491.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007.*

Filed June 13, 2007.

Jessica M. Kass, United States Department of Justice, Southern District of California, San Diego, CA, for Plaintiff–Appellee.

Robert H. Rexrode, III, Esq., FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

**MEMORANDUM** \*\*

Pablo Gonzalez–Ponce appeals from his jury-trial conviction for attempted re-entry after deportation, in violation of 8 U.S.C. § 1326, and making a false claim of United States citizenship, in violation of 18 U.S.C. § 911. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Gonzalez–Ponce's contention that the district court erred by denying the motion to dismiss the indictment for failing to allege an overt act that was a substantial step towards entering the United States is foreclosed by *United States v. Resendiz–Ponce*, —— U.S. ——, 127 S.Ct. 782, 789, 166 L.Ed.2d 591 (2007).

Gonzalez–Ponce contends that the district court erred by failing to instruct the jury that the false claim of United States citizenship must have been made to someone who had a good reason to inquire about his nationality status. Because the statements were made to two border officials, both of whom had good reason to inquire into his nationality status, we con-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

clude that any error in the jury instruction was harmless. *See Neder v. United States,* 527 U.S. 1, 15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); *United States v. Romero–Avila,* 210 F.3d 1017, 1021 (9th Cir. 2000); *United States v. Gracidas–Ulibarry,* 231 F.3d 1188, 1197 (9th Cir.2000) (en banc).

Finally, we reject Gonzalez–Ponce's contention that the admission of the warrant of deportation violated the Confrontation Clause. *See United States v. Bahena–Cardenas,* 411 F.3d 1067, 1075 (9th Cir. 2005).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.