**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Roberto FERNANDEZ–RUIZ,**
**Defendant—Appellant.**

**No. 05–10553.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 18, 2007.*

Filed Oct. 22, 2007.

Bruce M. Ferg, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Mark Willimann, Esq., Tucson, AZ, for Defendant–Appellant.

Before: ALARCÓN and TALLMAN, Circuit Judges, and DUFFY **, Senior Judge.

MEMORANDUM ***

Roberto Fernandez–Ruiz appeals his conviction for attempted illegal reentry

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

into the United States after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Supreme Court's recent decision in *United States v. Resendiz–Ponce,* —— U.S. ——, 127 S.Ct. 782, 166 L.Ed.2d 591 (2007), forecloses Fernandez–Ruiz's argument that his indictment was insufficient as a matter of law due to its failure to allege an overt act.

■■■ The district court did not abuse its discretion by rejecting Fernandez–Ruiz's proposed jury instructions. The first proposed instruction purports to define the term "illegal reentry." The district court properly rejected this instruction because it is confusing and ambiguous, it misstates the law, and it fails to support Fernandez–Ruiz's theory of defense. *See United States v. Gracidas–Ulibarry,* 231 F.3d 1188, 1196 (9th Cir.2000) (en banc) (listing elements of attempted illegal reentry after deportation). The second and third proposed instructions supply, respectively, definitions for the terms "attempt" and "culpable intent," but these instructions are sufficiently similar to the instructions actually read to the jury. *See United States v. Collom,* 614 F.2d 624, 632 (9th Cir.1979) ("[A] defendant has no right to have a jury instructed precisely in the language he requests. As long as the theory is adequately presented by the instructions as a whole, there is no error.") (citations omitted). The fourth proposed instruction, which defines "entry," was confusing and misleading.

■■■ During its closing argument, the government did not impinge on Fernandez–Ruiz's Fifth Amendment right to silence by commenting on his alleged silence after his arrest. Fernandez–Ruiz was not silent after his arrest, but waived his Miranda rights and gave a sworn statement admitting to entering the United States illegally. The government properly commented on inconsistencies in that statement during its closing argument. *See Leavitt v. Arave,* 383 F.3d 809, 827 (9th Cir.2004).

Finally, Fernandez–Ruiz challenges the sufficiency of the evidence presented at trial. However, the evidence at trial was overwhelming that Fernandez–Ruiz had attempted to reenter the United States illegally after deportation.

AFFIRMED.