UNITED STATES of America, Plaintiff–Appellee,

v.

Eduardo GUTIERREZ–CRUZ, aka Federico Guitierrez–Cruz, Defendant–Appellant.

No. 05–50870.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2008.

Filed Jan. 24, 2008.

Timothy F. Salel (on the brief) and Mark Rehe (argued), Office of the U.S.

* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

Attorney, San Diego, CA, for Plaintiff–Appellee.

Kasha K. Pollreisz, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FARRIS and M. SMITH, Circuit Judges, and SANDOVAL *, District Judge.

MEMORANDUM **

Appellant Eduardo Gutierrez–Cruz ("Gutierrez–Cruz") was arrested at the border between the United States and Mexico on July 10, 2004. He was subsequently indicted and pled guilty to a charge of illegally attempting to enter the United States after having previously been deported, in violation of 8 U.S.C. § 1326. Gutierrez–Cruz was sentenced to a 60–month term of imprisonment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The district court did not err in failing to dismiss the indictment for failure to state a specific overt act that is a substantial step towards the completion of the crime charged. *United States v. Resendiz–Ponce*, 549 U.S. 102, 127 S.Ct. 782, 787–88, 166 L.Ed.2d 591 (2007).

The district court also did not err in imposing a 16–level sentence enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i), based on its finding that Gutierrez–Cruz's

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

prior conviction under California Health and Safety Code § 11351 categorically qualified as a drug trafficking offense. *See United States v. Morales–Perez*, 467 F.3d 1219, 1222–23 (9th Cir.2006) (holding that a conviction under California Health & Safety Code § 11351.5 categorically qualifies as a drug trafficking offense). Gutierrez–Cruz's claim that section 11351 is categorically overbroad because it prohibits the possession or purchase for sale of a wider range of controlled substances than does federal law is misplaced. To the extent that California's list of controlled substances contains substances not specifically defined as "controlled substances" under federal law,[1] those substances fall within the definition of "controlled substance analogues,"[2] and therefore are treated as schedule I controlled substances. 21 U.S.C. § 813.

Gutierrez–Cruz's argument that 8 U.S.C. § 1326(b) is unconstitutional is foreclosed. *See United States v. Covian–Sandoval*, 462 F.3d 1090, 1097 (9th Cir. 2006).

**AFFIRMED.**

---

1. 21 U.S.C. § 802(6) defines "controlled substance" as "a drug or other substance, or immediate precursor included in schedule I, II, III, IV, or V of part B of this subchapter." *Id.* § 802(6).

2. Under federal law, a "controlled substance analogue" is defined as follows:

   [T]he term "controlled substance analogue" means a substance—
   (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;
   (ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system or a controlled substance in schedule I or II; or
   (iii) with respect to a person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II. 21 U.S.C. § 802(32)(A).

