**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Durwood WHITMAN, Jr., Defendant—
Appellant.**

No. 08–50017.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 21, 2008.*

Filed Oct. 30, 2008.

Randy K. Jones, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

David J. Zugman, San Diego, CA, for Defendant–Appellant.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**MEMORANDUM**\*\*

Durwood Whitman, Jr., appeals his conviction for escape. 18 U.S.C. § 751(a). We affirm.

Whitman's sole argument is that the Indictment, which alleged that he "did escape" was insufficient because it did not also allege that the escape was "without permission." That argument is foreclosed by our precedent. *See United States v. Davis,* 336 F.3d 920, 924 (9th Cir.2003); *see also United States v. Bailey,* 444 U.S. 394, 407, 100 S.Ct. 624, 633, 62 L.Ed.2d 575, 589 (1980). No authority cited by Whitman undermines *Davis*; in fact, the cases he cites are inapposite. *See United States v. Resendiz–Ponce,* 549 U.S. 102, 105–09, 127 S.Ct. 782, 787–88, 166 L.Ed.2d 591, 597–98 (2007) (as used in law, "attempt" encompasses both intent and an overt act); *Penuliar v. Mukasey,* 528 F.3d 603, 610–14 (9th Cir.2008) (discussing categorical and noncategorical concepts for the purpose of categorizing prior offenses); *United States v. Du Bo,* 186 F.3d 1177, 1179 (9th Cir.1999) (discussing whether intent is connoted by certain words used in the Hobbs Act). Therefore, Whitman's argument fails.[1]

**AFFIRMED.**

---

1. We note, by the way, that any doubt in his mind should have been dispelled by the Indictment's recital that he "willfully [failed] to return ... as directed."