**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4313**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ERIC DEWAUN BROWN, a/k/a Blaze, a/k/a Doughboy,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Senior District Judge.  (1:06-cr-00317-NCT)

Submitted:  May 28, 2009          Decided:  June 19, 2009

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Eric Dewaun Brown was convicted of two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841 (2006). Brown was sentenced to 121 months imprisonment. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but questions whether the indictment properly alleged the offenses and whether the evidence was sufficient to support the convictions. Brown was notified of his right to file a pro se supplemental brief, in response to which he filed two affidavits of additional evidence refuting his identity as the person who distributed the crack cocaine. The Government elected not to file a responsive brief. Finding no error, we affirm.

Counsel first questions whether the indictment properly alleged the offenses of which Brown was charged. Because this claim is raised for the first time on appeal, we review the sufficiency of the indictment for plain error. See United States v. Cotton, 535 U.S. 625, 631 (2002). An indictment must contain the elements of the offense and fairly inform the defendant of the charge against which he must defend, and it must also enable the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. United States v. Resendiz-Ponce, 549 U.S. 102, ___, 127 S. Ct.

2

782, 788 (2007) (quoting <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1994) (internal brackets omitted)); <u>see</u> Fed. R. Crim. P. 7(c)(1); <u>see also</u> <u>United States v. Williams</u>, 152 F.3d 294, 299 (4th Cir. 1998) ("'One of the principal purposes of an indictment is to apprise the accused of the charge or charges against him so he can prepare his defense.'") (quoting <u>United States v. Fogel</u>, 901 F.2d 23, 25 (4th Cir. 1990)).

Here, the indictment charged that Brown "willfully, knowingly and intentionally did unlawfully distribute 52.1 grams (net weight) of a mixture and substance containing a detectible amount of cocaine base ("crack"). The indictment makes a similar charge in count 2 with respect to the February 2006 distribution of 47.9 grams of crack. We find that the indictment was sufficient to allege violations of 21 U.S.C. § 841, to apprise Brown of the charges against him, and to allow him to prepare a defense.

Brown and his attorney both assert on appeal that the evidence was insufficient to support Brown's conviction. The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."

United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

The government presented the testimony of Special Agent Robert Padgett of the State Bureau of Investigation and that of a confidential informant working with Agent Padgett that they conducted two controlled purchases of crack cocaine from a man they knew as "Blaze" or "Doughboy." Both men identified Brown from his drivers license photo and identified him in court as the man from whom they purchased the crack cocaine. Brown's defense was that he did not use the nicknames "Blaze" and "Doughboy" but that another man who lived in the area used those names. Viewing the evidence in the light most favorable to the government, we find that the evidence is sufficient to support the jury's conclusion that Brown was the perpetrator of the drug sales, and thus the evidence supports Brown's convictions on the two charges. See Glasser, 315 U.S. at 80.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Brown's conviction and sentence. This court requires that counsel inform Brown, in writing, of his right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from

4

representation.  Counsel's motion must state that a copy thereof was served on Brown.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED