**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4621**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ORAN TILLMAN DAVIS,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Richard L. Voorhees, District Judge.  (3:02-cr-00251-RLV-DCK-1)

───────────

Submitted:  February 24, 2010     Decided:  March 10, 2010

───────────

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Edward R. Ryan, United States Attorney, David A. Brown, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oran Tillman Davis appeals his convictions for two counts of tax evasion, in violation of 26 U.S.C. § 7201 (2006). Finding no error, we affirm.

Davis first argues that the district court erred in denying his motion for judgment of acquittal on the ground that the indictment was not returned within the applicable statute of limitations. We review de novo the district court's denial of a Rule 29 motion for judgment of acquittal. United States v. Reid, 523 F.3d 310, 317 (4th Cir.), cert. denied, 129 S. Ct. 663 (2008). We also review Davis's statute of limitations claim de novo. United States v. Uribe-Rios, 558 F.3d 347, 351 (4th Cir. 2009); see also United States v. Wilson, 118 F.3d 228, 236 (4th Cir. 1997) ("The government bears the burden of proving that it began its prosecution within the statute of limitations period.").

The applicable statute of limitations in this case is six years. See 26 U.S.C. § 6531 (2006); Wilson, 118 F.3d at 236. "The limitations period for a violation of [26 U.S.C.] § 7201 begins to run on the date of the last affirmative act of tax evasion." 118 F.3d at 236. Based on our review of the record, we find that Davis's last affirmative act of tax evasion occurred in March 1997, when he mailed documents misrepresenting his relationship with Prime Management Group to Agent James.

2

Davis was therefore properly indicted within the statute of limitations.

Davis next argues that the evidence was insufficient to support the jury's verdict. "A defendant challenging the sufficiency of the evidence" faces a "heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be 'confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)). A verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the Government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to establish a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996). Based on our review of the record, we find that substantial evidence supported the jury's verdict.

Finally, Davis argues that the indictment was defective for failing to set forth the precise amount of taxes that he sought to evade. Because this claim is raised for the

first time on appeal, we review for plain error. See United States v. Cotton, 535 U.S. 625, 631 (2002) (applying plain error test to claim that the indictment failed to allege element of charged offense).

Rule 7(c)(1) of the Federal Rules of Criminal Procedure directs that an indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." To pass constitutional muster, an indictment must satisfy two requirements: "'[F]irst, that it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, that it enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974) (internal brackets omitted)); see also United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998) ("'One of the principal purposes of an indictment is to apprise the accused of the charge or charges against him so he can prepare his defense.'") (quoting United States v. Fogel, 901 F.2d 23, 25 (4th Cir. 1990)).

Each count of the indictment in this case stated, in relevant part, that Davis "knew and believed [his] joint taxable income for the calendar year was substantially in excess of the

amount stated, and that an additional tax was due and owing to the United States."  Because the Government was not required to allege or prove the precise amount of additional tax due and owing at trial, see United States v. McKee, 506 F.3d 225, 235-36 (3d Cir. 2007), we find that an exact amount was not required to be set forth in the indictment.  See United States v. Citron, 783 F.2d 307, 315 (2d Cir. 1986) ("The grand jury was not required to make . . . allegations as to the amounts of tax [a defendant in a § 7201 case] sought to evade. . . . [S]ince the indictment need not allege that which is not part of the government's required proof, no exact figure need be stated in the indictment.").

Accordingly, we affirm Davis's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED