**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 10 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30278 |
| Plaintiff - Appellee, | D.C. No. 1:09-cr-00013-RFC-2 |
| v. | |
| CHARLES WILLIAM SPOTTED ELK-BOOTH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Submitted August 8, 2012[**]
Seattle, Washington

Before: NOONAN, GRABER, and RAWLINSON, Circuit Judges.

Defendant, Charles William Spotted Elk-Booth, appeals the district court's

denial of his motion to dismiss for double jeopardy a Superseding Indictment

charging him with attempted aggravated sexual abuse, in violation of 18 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

§§ 1153(a) and 2241(a)(1). Reviewing de novo, United States v. Price, 314 F.3d 417, 420 (9th Cir. 2002), we affirm.

1. Defendant argues that the Initial Indictment did not charge him with attempted aggravated sexual abuse. Because Defendant failed to challenge the sufficiency of the Initial Indictment at trial, we review for plain error. United States v. Velasco-Medina, 305 F.3d 839, 846 (9th Cir. 2002).

The Initial Indictment charged Defendant with attempted aggravated sexual abuse, despite failing to articulate the specific intent requirement for an attempt, because it charged Defendant with committing aggravated sexual abuse and with "attempt[ing] to do so." See United States v. Resendiz-Ponce, 549 U.S. 102, 107 (2007) ("[T]he word 'attempt' . . . encompasses both the overt act and intent elements."); see also Fed. R. Crim. P. 31(c)(2) ("A defendant may be found guilty of . . . an attempt to commit the offense charged[.]"). Therefore, there was no error.

Even if there was an error, it was not plain, nor did it affect Defendant's substantial rights. The Initial Indictment identified the statute that criminalized attempted aggravated sexual abuse, and the district judge correctly instructed the jury on the elements of attempted aggravated sexual abuse, including intent. See Velasco-Medina, 305 F.3d at 847 (finding no prejudice because the indictment

2

referred to the statute that criminalized attempted reentry and the district judge correctly instructed the jury on the elements of attempted reentry, including specific intent).

2. Defendant also argues that the Initial Indictment was duplicitous. By failing to raise that argument before trial, Defendant waived it. United States v. McCormick, 72 F.3d 1404, 1409 (9th Cir. 1995).

Furthermore, even if the argument was not waived and the Initial Indictment was duplicitous, the district court cured the defect by providing a verdict form requiring separate determinations for each crime and by instructing the jury that its verdict had to be unanimous. See United States v. Ramirez-Martinez, 273 F.3d 903, 915 (9th Cir. 2001) ("[A] defendant indicted pursuant to a duplicitous indictment may be properly prosecuted and convicted if . . . the court provides an instruction requiring all members of the jury to agree as to which of the distinct charges the defendant actually committed."), overruled on other grounds by United States v. Lopez, 484 F.3d 1186, 1188 & n.2 (9th Cir. 2007) (en banc).

AFFIRMED.