NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10151 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 4:17-cr-00242-JAS-EJM-1 |
| DENNIS RAYMOND MCPHERRON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted August 9, 2022**
San Francisco, California

Before: RAWLINSON, BADE, and BRESS, Circuit Judges.

Dennis McPherron appeals his conviction, following a bench trial, for one count of importing bald eagle feathers into the United States in violation of 18 U.S.C. § 545 and 16 U.S.C. § 668(a), the Bald and Golden Eagle Protection Act. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1.     McPherron was convicted under the second paragraph of 18 U.S.C. § 545, which prohibits "fraudulently or knowingly import[ing] or bring[ing] into the United States, any merchandise contrary to law." 18 U.S.C. § 545. He argues that his conviction was improper because the indictment charged a violation of the first paragraph of § 545. "We review de novo the sufficiency of an indictment." *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009).

The district court correctly concluded that the indictment sufficiently charged a violation of the second paragraph of § 545. "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge." *United States v. Kaplan*, 836 F.3d 1199, 1216 (9th Cir. 2016) (citation omitted). Here, the indictment included every element required for an offense under the second paragraph. That it also included the heightened mens rea "willfully," which is used only in § 545's first paragraph, did not render the indictment insufficient. *See United States v. Lopez*, 4 F.4th 706, 726 (9th Cir. 2021) (holding that indictment was not insufficient when it included "[g]ratuitous language" consisting of "elements not required for conviction").

As for the indictment's use of the phrase "knowingly *and* fraudulently," it is "long-standing practice" for "[t]he government [to] charge in the conjunctive and prove in the disjunctive." *United States v. Robertson*, 895 F.3d 1206, 1219 (9th Cir. 2018). Thus, this discrepancy likewise did not deprive McPherron of notice that he

was charged with violating the second paragraph of 18 U.S.C. § 545.[1]

2.      Gratuitous or disjunctive language in an indictment does not "bind the Government to proving elements not required for conviction pursuant to the applicable criminal statute." *Lopez*, 4 F.4th at 726; *see also United States v. Arias*, 253 F.3d 453, 457–58 (9th Cir. 2001) ("When, as here, the statute speaks disjunctively, the conjunctive is not required even if the offense is charged conjunctively in the indictment."). Thus, at trial, the government only needed to prove that McPherron acted fraudulently or knowingly. Although the district court therefore erred in requiring the government to also prove willful conduct, the error was harmless because a defendant does not suffer prejudice when the government is held to "a higher burden of proof . . . than is required by law." *United States v. Houston*, 406 F.3d 1121, 1125 (9th Cir. 2005).

3.      McPherron also challenges the sufficiency of the evidence underlying his conviction. We review the sufficiency of the evidence de novo. *United States v. Hong*, 938 F.3d 1040, 1047 (9th Cir. 2019). We "construe the evidence in the

---

[1] McPherron's claim that ambiguity in the indictment violates his due process rights fails for these same reasons. *See United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (holding that an indictment is constitutionally sufficient if "it contains the elements of the offense charged," "fairly informs a defendant of the charge against which he must defend," and "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense") (quotation marks and bracket omitted).

light most favorable to the prosecution," and "determine whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (quotation marks omitted). When the district court incorrectly holds the government to a higher burden of proof at trial, a sufficiency of the evidence challenge is evaluated according to the requirements of the statute. *See Musacchio v. United States*, 577 U.S. 237, 243 (2016).

The evidence was sufficient to support a finding that McPherron acted knowingly or fraudulently. Several signs at the port of entry announced that animal products must be declared. Customs and Border Protection (CBP) officers also directly asked McPherron whether he possessed any animal products, and he said no. But McPherron later testified that he used the feathers at issue in ceremonies, considered them sacred, and had them in large quantity. McPherron also admitted that he knew that only members of federally recognized tribes could lawfully possess bald eagle feathers, and that he did not belong to such a tribe. Viewed in the light most favorable to the government, this evidence shows that McPherron knew he had the feathers and knowingly failed to declare them. Although McPherron offers alternative explanations for his conduct, when the evidence supported the district court's interpretation of events, it was "free to disbelieve [the defendant] and infer the opposite of his testimony." *United States v. Cordova Barajas*, 360 F.3d 1037,

4

1041 (9th Cir. 2004).

Based on the testimony of a CBP officer, sufficient evidence also supported the district court's finding that the feathers in McPherron's possession were bald eagle feathers. McPherron's claim that the evidence does not show he acquired the feathers in violation of the Bald and Golden Eagle Protection Act, 16 U.S.C. § 668(a), is similarly unsupported, as is his assertion that he lawfully received the feathers from two members of federally recognized tribes.

4.     Finally, McPherron argues that he did not "import" the feathers in violation of 18 U.S.C. § 545, because the feathers had previously been in the United States. We need not reach this argument. The second paragraph of § 545 also proscribes "bring[ing] into the United States" illicit merchandise, which plainly covers McPherron's transportation of bald eagle feathers across the United States border.

**AFFIRMED.**