**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4370**
_____

UNITED STATES OF AMERICA,

 Plaintiff – Appellee,

 v.

WINSTON MENDEZ-COLON,

 Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
District Judge.   (5:08-cr-00389-D-2)

_____

Submitted:  February 14, 2011       Decided:  March 18, 2011

_____

Before MOTZ, KING, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Richard Croutharmel, Raleigh, North Carolina, for Appellant.
George E.B. Holding, United States Attorney, Jennifer P. May-
Parker, Yvonne V. Watford-McKinney, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Winston Mendez-Colon and a co-defendant were charged in a two-count indictment for assaults against two other inmates that took place in the Federal Correctional Institution in Butner, North Carolina. Count One alleged that Mendez-Colon and his co-defendant aided and abetted one another and knowingly assaulted another person with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 2 (2006). Count Two alleged that Mendez-Colon and his co-defendant knowingly assaulted another person with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 2. The Government dismissed Count One, Mendez-Colon pleaded guilty to Count Two, and the district court sentenced him to forty-one months' imprisonment. Mendez-Colon noted a timely appeal.

On appeal, Mendez-Colon asserts three claims: (1) that the indictment was fatally defective because it failed to name the victim in either count; (2) that the district court plainly and reversibly erred in finding Mendez-Colon competent to proceed; and (3) that the district court lacked a factual basis to accept Mendez-Colon's guilty plea. Finding no reversible error, we affirm.

Mendez-Colon argues that because neither count of the indictment named a specific victim, "it is unclear as to which count is for which victim or if both counts are for both

2

victims." He asserts that the ambiguity made it difficult for him to mount an adequate defense and bars him from pleading double jeopardy in the event of a future prosecution.

We review a challenge to the sufficiency of an indictment raised for the first time on appeal for plain error. See United States v. Cotton, 535 U.S. 625, 631 (2002). Accordingly, Mendez-Colon must identify an error that is plain and that affects his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). We will not correct a plain error unless "a miscarriage of justice would otherwise result," meaning that "the error seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings." Id. at 736 (internal quotation marks omitted).

An indictment must contain elements of the offense charged, fairly inform the defendant of the charge, and enable the defendant to plead double jeopardy as a defense to future prosecutions for the same offense. See United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007); United States v. Kingrea, 573 F.3d 186, 191 (4th Cir. 2009). In order to convict Mendez-Colon, the Government was required to prove "(1) an assault, (2) with a dangerous weapon, (3) with intent to do bodily harm." United States v. Sturgis, 48 F.3d 784, 786 (4th Cir. 1995) (concerning 18 U.S.C. § 113(c) (1994), now codified as § 113(a)(3) (2006)).

3

We conclude that the indictment alleged the elements of the offense and, by identifying the date and location of the assault, did so with sufficient specificity to put Mendez-Colon on notice as to the conduct at issue. See United States v. Loayza, 107 F.3d 257, 260-61 (4th Cir. 1997) (finding indictment, despite failure to name the victims, described fraudulent scheme with sufficient detail to allow defendant to mount a defense). Moreover, we believe that that the indictment's failure to name the victims will not preclude Mendez-Colon from raising double jeopardy as a defense to any future prosecutions for the assaults. In raising a double jeopardy defense, Mendez-Colon would be permitted to rely on the record as a whole, not just on the indictment. See Russell v. United States, 369 U.S. 749, 764 (1962); United States v. McHan, 966 F.2d 134, 138 (4th Cir. 1992). Here, the record makes it clear the charged conduct related to the assaults of the two inmates and specifies the count relating to each inmate.

Mendez-Colon next argues that the district court committed plain error in finding that Mendez-Colon was competent to proceed with the Fed. R. Crim. P. 11 colloquy. He contends that the district court rejected Mendez-Colon's plea as to Count One because it "believed he was incompetent to understand what he was pleading to with regard to that count." He reasons that if he lacked capacity to plead to Count One, he lacked capacity

4

to plead to Count Two as well. We disagree with Mendez-Colon's characterization of the district court's decision.

Before accepting a guilty plea, a district court "must ensure that the defendant is competent to enter the plea." United States v. Moussaoui, 591 F.3d 263, 291 (4th Cir. 2010) (internal quotation marks omitted). A district court fulfills this responsibility by determining whether the defendant "'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" Id. (quoting Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam)). "A district court's decisions on competency . . . are reviewed for an abuse of discretion." Id.

Mendez-Colon received two separate competency examinations in this proceeding, and both found him competent to stand trial. Although Mendez-Colon points to the district court's rejection of his plea to Count One and asserts that it was on competence grounds, the contention is belied by the record. It is clear that the district court declined to accept Mendez-Colon's plea to Count One because Mendez-Colon unequivocally asserted his innocence of the assault charge in that count. We therefore hold that the district court did not abuse its discretion in finding Mendez-Colon competent to enter a guilty plea to Count Two.

5

Finally, Mendez-Colon argues that the district court lacked a factual basis to accept his guilty plea because he offered a legal justification for his act. He asserts that he raised self-defense and that the Government failed to rebut this contention.

Because Mendez-Colon did not move to withdraw his guilty plea or otherwise object during the Rule 11 colloquy, this court reviews this issue for plain error. See United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009). In determining whether a factual basis exists before accepting a plea of guilty, a district court "possesses wide discretion, and it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." United States v. Ketchum, 550 F.3d 363, 366 (4th Cir. 2008).

We find that Mendez-Colon's factual admission during the plea hearing were fully consistent with the assault charged in Count Two. Moreover, based on his own statements, Mendez-Colon is unable to raise a credible claim of self-defense because he is unable to show that he was under an unlawful and present threat of death or serious injury, nor can he show that he did not place himself in a situation where he would be forced

6

to defend himself.  See United States v. Mooney, 497 F.3d 397, 406 (4th Cir. 2007).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED