MARCUS, Circuit Judge,
specially concurring:
I concur in the judgment reached by the panel majority. There was no plain error in' this case, so we must affirm Charles’s conviction. However, I write separately because I believe it unnecessary to decide a novel and difficult question of constitutional law in an area where the Supreme Court’s jurisprudence is still evolving. The majority makes a serious and substantial argument for its position, and it may well be right. But I would wait until the necessity of deciding the question sharpens both the adversarial presentation of the issue and our decision-making process.
This case presents a question that ordinarily does not trouble courts addressing Confrontation Clause challenges, since the answer is usually obvious: who is the declarant of an out-of-court statement? In this case, however, the answer is not obvious. Charles made a statement in Creole to a government-provided interpreter, who then interpreted the statement from Creole to English. The interpreter then made the English-language statement to the officer who testified at Charles’s trial. In order for Charles to succeed on her Confrontation Clause claim, she must establish both that the declarant of the English-language statement was the interpreter, not herself, see United States v. Brown, 441 F.3d 1330, 1358-59 (11th Cir.2006) (admission of defendant’s own statements does not violate the Confrontation Clause, since a defendant does not have the right to confront himself), and that the statement was testimonial, see Michigan v. Bryant, - U.S. -, 131 S.Ct. 1143, 1153, 179 L.Ed.2d 93 (2011); Crawford v. Washington, 541 U.S. 36, 51-52, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).[1] Moreover, *1333 because Charles failed to object to the admission of the officer’s testimony at trial, we review her claim on appeal only for plain error. Maj. Op. at 1322.
As the panel majority soundly concludes, there was no plain error because, under our precedents, “there can be no plain error when there is no precedent from the Supreme Court or this Court directly resolving” the issue. Maj. Op. at 1330-31 (quoting United States v. Chau, 426 F.3d 1318, 1322 (11th Cir.2005)). No Supreme Court or Eleventh Circuit precedent addresses the question of who the declarant of an interpreted statement is, at least for purposes of post-Crawford Confrontation Clause analysis.[2] In the Supreme Court’s recent run of Confrontation cases, the identity of the declarant has never been at issue. Rather, those cases have sought to define which statements count as “testimonial,” see Bryant, 131 S.Ct. at 1166-67 (statements that enabled police to respond to an ongoing emergency were not testimonial); Melendez-Diaz v. Massachusetts, 557 U.S. 305, 310, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009) (affidavits certifying that tested substances were cocaine were testimonial); Davis v. Washington, 547 U.S. 813, 827-28, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), and have clarified that, where a statement is testimonial, no substitute for the original declarant is acceptable, see Bullcoming v. New Mexico, — U.S. —, 131 S.Ct. 2705, 2715, 180 L.Ed.2d 610 (2011) (analyst who prepared blood-alcohol analysis had to be made available for cross-examination and could not be replaced with another analyst); Melendez-Diaz, 557 U.S. at 317-19 & n. 6, 129 S.Ct. 2527 (affidavits could not substituid for the analyst simply because the affidavits reported the results of scientific testing, even if the analyst “possessed the scientific acumen of Mme. Curie and the veracity of Mother Theresa”). Neither has this Court addressed, in a published opinion, the issue of whether an interpreter or. the foreign-language speaker is the declarant of an interpreted statement for Confrontation Clause purposes. In the absence of any precedent from either the Supreme Court or this Court, any error that may have occurred in this case could not be plain.
*1334 Generally, when it is clear that we can dispose of a plain-error argument based on the absence of precedent, we do not undertake the task of determining whether there was error, which may be the more difficult question. Instead, we may assume arguendo that there was error, or skip that question, and move on to the outcome-determinative prong of the plain-error test. E.g., United States v. Castro, 455 F.3d 1249, 1253 (11th Cir.2006) (per curiam) (“[W]e need not reach [the Equal Protection] question because any error would not be plain.”); see United States v. Dortch, 696 F.3d 1104, 1112 (11th Cir.2012) (We need not address whether a constructive amendment amounts to a per se reversible error ... because, even if we assume that the district court erred, the error was not plain.); United States v. Pantle, 637 F.3d 1172, 1177 (11th Cir.2011) (per curiam) (assuming plain error but finding that the error did not affect the defendant’s substantial rights); United States v. Swatzie, 228 F.3d 1278, 1282 (11th Cir.2000) (same); see also United States v. Hadley, 431 F.3d 484, 516 (6th Cir.2005) (Sutton, J., concurring) (where the third prong of the plain-error test decided the case, “we need not address the difficult Crawford issues that this case otherwise presents”).
This reluctance stems, at least in part, from the long-standing prudential policy “that we ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable.” Spector Motor Serv., Inc. v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 89 L.Ed. 101 (1944); see United States v. Resendiz-Ponce, 549 U.S. 102, 104, 127 S.Ct. 782, 166 L.Ed.2d 591 (2007); Jean v. Nelson, 472 U.S. 846, 854, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985); Three Affiliated Tribes of Fort Berthold Reservation v. Wold Eng’g, P.C., 467 U.S. 138, 157, 104 S.Ct. 2267, 81 L.Ed.2d 113 (1984); Ashwander v. TVA 297 U.S. 288, 346-47, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring) (“The Court will not anticipate a question of constitutional law. in advance of the necessity of deciding it. It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.” (internal quotation marks and citations omitted)). Declining to address an unnecessary constitutional question preserves “the unique place and character, in our scheme, of judicial review of governmental action for constitutionality,” and pays heed to “considerations of timeliness and maturity, of concreteness, definiteness, certainty, and of adversity of interests affected.” Rescue Army v. Mun. Court, 331 U.S. 549, 571, 573-74, 67 S.Ct. 1409, 91 L.Ed. 1666 (1947). It also avoids “substantial expenditure of scarce judicial resources on difficult questions that have no effect on the outcome of the case.” Pearson v. Callahan, 555 U.S. 223, 236-37, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).
As I see it, applying this rule would be wise here, for several reasons. To start with, we did not have the benefit of any factfinding from the district court that may be pertinent to resolving this issue, since Charles did not object to this testimony. According to at least one court of appeals, the identity of the declarant is a factbound determination that weighs multiple factors, including who provided the interpreter and the interpreter’s qualifications. See United States v. Nazemian, 948 F.2d 522, 527-28 (9th Cir.1991). In addition, because of the posture of this case, the government primarily argued that the lack of binding precedent meant that the error was not plain, depriving us of full merits briefing on the underlying constitutional question.
Moreover, this area of law appears to be in some flux. Although the majority relies on the proposition that Crawford wholly severed the link between Confrontation Clause analysis and the rules of evidence *1335 or reliability, see Maj. Op. at 1330 (“The Supreme Court could not have been clearer that reliability, absent cross-examination, is irrelevant for purposes of the Confrontation Clause.”), the Supreme Court’s subsequent cases have suggested that those considerations may remain relevant, at least in the context of determining whether statements are testimonial. Compare Bryant, 131 S.Ct. at 1155 (to determine whether a statement is testimonial based on its primary purpose, “standard rules of hearsay, designed to identify some statements as reliable, will be relevant”), with id. at 1174 (Scalia, J., dissenting) (disapproving of Bryant as “a gross distortion of the law — a revisionist narrative in which reliability continues to guide our Confrontation Clause jurisprudence”), id. (warning that the Court was returning to Ohio v. Roberts’s “unworkable standard unmoored from the text and the historical roots of the Confrontation Clause”), and Bullcoming, 131 S.Ct. at 2725 (Kennedy, J., dissenting) (“[T]he Court insists ... reliability does not animate the Confrontation Clause. Yet just this Term the Court ruled [in Bryant] that, in another confrontation context, reliability was an essential part of the constitutional inquiry.” (citations omitted)). As one treatise has noted, the majority opinion in Michigan v. Bryant has apparently incorporated “a Ohio v. Roberts-like assessment of a statement’s ‘reliability’ into its Confrontation Clause analysis.” 4 Clifford S. Fishman & Anne T. McKenna, Jones on Evidence § 25A:17.50 (7th ed. 2012).
In light of these concerns and the likelihood that an analogous case without the limitations of plain-error review will almost surely reach this Court, I would not decide this Confrontation issue today.

. The majority opinion suggests that determining the identity of the declarant is not a "constitutional inquiry,” Maj. Op. at 1331-32 n. 15, but this parses the Confrontation Clause analysis too finely. The Confrontation Clause itself provides the defendant with the right "to be confronted with the witnesses *1333 against him,” U.S. Const. amend. VI (emphasis added), which requires us, as a constitutional matter, to discern who the witness is. And indeed, as Brown has established, if the declarant is the defendant, then there is no confrontation problem.

. For many years now,' courts have treated the foreign-language speaker as the declarant and the interpreter merely as a "language conduit” for the speaker as long as certain factual conditions are met, although those decisions either predate Crawford or did not directly address a Confrontation Clause challenge. See United States v. Alvarez, 755 F.2d 830, 860 (11th Cir.1985) ("Where ... there is no motive to mislead and no reason to believe the translation is inaccurate”. — in other words, where the interpreter is reliable— there is "a testimonial identity between declarant and translator” (quoting United States v. Da Silva, 725 F.2d 828, 832 (2d Cir.1983))); see also United States v. Vidacak, 553 F.3d 344, 352-53 (4th Cir.2009); United States v. Sanchez-Godinez, 444 F.3d 957, 960-61 (8th Cir.2006); United States v. Cordero, 18 F.3d 1248, 1252-53 (5th Cir.1994); United States v. Nazemian, 948 F.2d 522, 525-28 (9th Cir.1991) (considering and rejecting a Confrontation Clause challenge to the admissibility of an interpreter’s out-of-court statements); United States v. Beltran, 761 F.2d 1, 9-10 (1st Cir.1985); Da Silva, 725 F.2d at 832. Even after Crawford, the Ninth Circuit reaffirmed that Nazemian's Confrontation Clause holding remained the law of that Circuit. Although the Ninth Circuit recognized that Crawford and its progeny were in some tension with Nazemian’s rationale, it concluded that those cases never addressed the issue of the identity of the declarant and therefore had not abrogated Nazemian. See United States v. Orm Hieng, 679 F.3d 1131, 1139-41 (9th Cir.2012).