**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4223**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

OSCAR BAPTISTE, a/k/a Dread,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.   Richard M. Gergel, District
Judge.   (2:11-cr-02015-RMG-1)

Submitted:  December 31, 2013          Decided:  April 16, 2014

Before MOTZ and KING, Circuit Judges, and DAVIS, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

James A. Brown, Jr., LAW OFFICES OF JIM BROWN, P.A., Beaufort,
South Carolina, for Appellant.  Robert Nicholas Bianchi, OFFICE
OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Oscar Baptiste of importing 500 grams or more of cocaine and aiding and abetting the same, in violation of 18 U.S.C. § 2 (2012) and 21 U.S.C. § 952(a) (2012). The court sentenced Baptiste to 108 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred by declining to issue a jury instruction on entrapment. Baptiste has filed a pro se supplemental brief, in which he raises several challenges to his conviction and sentence. We affirm.

Baptiste argues in his pro se supplemental brief that the Government violated Brady v. Maryland, 373 U.S. 83 (1963), by not disclosing the grand jury transcripts prior to the hearing on his motion to dismiss the superseding indictment. Pursuant to Brady, the government has a responsibility to disclose material evidence favorable to the accused. United States v. McLean, 715 F.3d 129, 142 (4th Cir. 2013). "A due process violation occurs when (1) the evidence is favorable to the accused because it is exculpatory or impeaching; (2) the evidence was suppressed by the government, either willfully or inadvertently; and (3) the evidence is material." Id. "To be

2

material, there must be a reasonable probability that disclosure of the evidence would have produced a different outcome." Id.

We conclude that Baptiste has failed to demonstrate that the Government violated Brady by not disclosing the grand jury transcripts prior to the hearing on his motion to dismiss the superseding indictment. To the contrary, in accordance with the Federal Rules of Criminal Procedure, the district court allowed Baptiste's counsel to review relevant portions of the grand jury transcripts during the motions hearing. See Fed. R. Crim. P. 6(e)(3)(E)(ii) (providing that grand jury testimony may be disclosed "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury").

Next, Baptiste argues in his pro se supplemental brief that the district court erred by failing to dismiss the superseding indictment. In reviewing the denial of a motion to dismiss an indictment, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Woolfolk, 399 F.3d 590, 594 (4th Cir. 2005). "When a criminal defendant challenges the sufficiency of an indictment prior to the verdict, we apply a heightened scrutiny." United States v. Kingrea, 573 F.3d 186, 191 (4th Cir. 2009). A federal indictment must contain elements of the offense charged, fairly inform the defendant of the charge, and

enable the defendant to plead double jeopardy as a defense to future prosecutions for the same offense. United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007); see Fed. R. Crim. P. 7(c)(1).

We conclude that Baptiste's indictment fairly informed him of the charge and the elements thereof. "Because the aiding and abetting provision [18 U.S.C. § 2] does not set forth an essential element of the offense with which [Baptiste] is charged or itself create a separate offense, aiding and abetting liability need not be charged in [the] indictment." United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010). Moreover, the language of Baptiste's indictment includes the essential elements of the 21 U.S.C. § 952(a) offense. See United States v. Samad, 754 F.2d 1091, 1096 (4th Cir. 1984) (listing elements of § 952 offense); see also Fed. R. Crim. P. 7(c)(2) (providing that typographical error in indictment is not ground for dismissal unless it prejudices defendant). Finally, we conclude that the district court did not err by determining that the Government accurately presented the facts of the case to the grand jury, and therefore, we find no merit in Baptiste's contention that the Government misled the grand jury when seeking the indictment.

Counsel questions whether the district court erred by declining to issue a jury instruction on entrapment. We review

4

de novo a district court's decision to deny a defendant's requested instruction on entrapment. United States v. Ramos, 462 F.3d 329, 334 (4th Cir. 2006). However, "[t]he district court is the gatekeeper; if the defendant does not produce more than a scintilla of evidence of entrapment, the court need not give the instruction." United States v. Hackley, 662 F.3d 671, 681 (4th Cir. 2011) (internal quotation marks omitted), cert. denied, 132 S. Ct. 1936, 2703 (2012). "An entrapment defense has two elements: (1) government inducement of the crime and (2) the defendant's lack of predisposition to engage in the criminal conduct." Ramos, 462 F.3d at 334. "'Inducement' . . . involves elements of governmental overreaching and conduct sufficiently excessive to implant a criminal design in the mind of an otherwise innocent party." United States v. Daniel, 3 F.3d 775, 778 (4th Cir. 1993).

After reviewing the trial transcript, we find no evidence that the Government induced Baptiste to engage in the criminal conduct. Rather, the confidential informant ("CI") emphatically stated that Baptiste approached him about the plan to import cocaine into the United States from Panama. Any question as to the CI's credibility was addressed in the court's specific instruction that the jury should consider the CI's testimony with a heightened degree of scrutiny. In sum, we find that Baptiste needed no nudging to initiate his importation

5

scheme, to contact his acquaintances in Panama, and to provide the CI with the specific container number in which the cocaine ultimately arrived. Accordingly, we conclude that the district court correctly declined to issue a jury instruction on entrapment.

Baptiste argues in his pro se supplemental brief that the evidence was insufficient to support his conviction. We review the denial of a Fed. R. Crim. P. 29 motion de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When a Rule 29 motion is based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks and brackets omitted). "We have defined substantial evidence as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693 (internal quotation marks omitted).

To support a conviction of importing 500 grams or more of cocaine, the Government was required to prove: "(1) that the [500 grams or more of cocaine] was imported; (2) that [the 500 grams or more of cocaine] was imported knowingly and willfully; and (3) that [Baptiste] willfully associated himself with the

importation venture." Samad, 754 F.2d at 1096; see Argaw v. Ashcroft, 395 F.3d 521, 524 (4th Cir. 2005) (considering elements of importation in immigration context).

After reviewing the trial transcript, we conclude that, contrary to Baptiste's contention, overwhelming evidence linked Baptiste to the container in which the cocaine was imported into the Port of Charleston. The evidence demonstrates that Baptiste met with the CI on several occasions to discuss the plan to import the cocaine. Notably, at the meeting on the night before the cocaine was discovered, Baptiste provided the exact number of the container in which the cocaine would be shipped and advised the CI that the cocaine would be packaged in a Choco Krispis box. Agents found the cocaine in the numbered container in a Choco Krispis box the next day. Moreover, the evidence demonstrates that the email address and telephone numbers the CI and the case agent used to communicate with Baptiste about the shipment were registered in Baptiste's name. In one email, Baptiste indicated that he needed to fly back to Panama to work out the details of the shipment, and the case agent confirmed that Baptiste flew to Panama shortly thereafter. Finally, while Baptiste claims that he only discussed auto parts with the CI, both the CI and the case agent testified that they referred to auto parts to establish a code for the criminal activity. Accordingly, the Government produced sufficient

7

evidence to support Baptiste's conviction, and the district court did not err by denying Baptiste's Rule 29 motions.

Baptiste's final argument in his pro se supplemental brief is that the district court erred by not requiring the jury to find the drug weight attributable to him beyond a reasonable doubt. The jury found that Baptiste was guilty of importing 500 grams or more of cocaine; the higher figure found by the district court, by a preponderance of the evidence, affected Baptiste's advisory Guidelines range, not his statutory sentencing exposure. We conclude that Baptiste's argument is without merit, as the district court was empowered to determine the quantity of drugs attributable to Baptiste for Guidelines purposes by a preponderance of the evidence. United States v. Brooks, 524 F.3d 549, 561-62 (4th Cir. 2008).

In accordance with Anders, we have reviewed the record and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Baptiste, in writing, of the right to petition the Supreme Court of the United States for further review. If Baptiste requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Baptiste.

8

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>